IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IRVIN R. LOVE, JR.,

   Plaintiff,

v.

CIVIL ACTION FILE
NO. 1:18-CV-540-TWT

WEECOO(TM), et al.,

   Defendants.

# OPINION AND ORDER

This is a personal injury action. It is before the Court on Defendant Amazon.com, Inc.'s Motion to Dismiss [Doc. 29]. For the reasons stated below, the Defendant Amazon.com, Inc.'s Motion to Dismiss is GRANTED.

## I. Background

On November 22, 2015, the Plaintiff Irvin R. Love, Jr., purchased a "WEECOO(TM) Two Wheels Smart Self Balancing Scooters Electric Drifting Board Personal Adult Transporter" on the Defendant Amazon.com, Inc.'s website.[1] The product purchased by the Plaintiff was part of a class of products known as "hoverboards." This particular hoverboard was manufactured in China by Defendant WEECOO(TM) and imported into the United States by Defendant

---

[1] First Am. Compl. ¶¶ 11-13.

Panda Town.[2] On November 23, 2015, Defendant Amazon shipped the hoverboard to the Plaintiff's residence.[3] The product was not accompanied by any warnings about potential fire risks.[4] On February 5, 2016, the hoverboard started a fire at the Plaintiff's residence.[5] The Plaintiff attempted to get himself and his girlfriend out of the residence.[6] In the process, the Plaintiff sustained severe injuries from smoke inhalation and from burns on his face, back, and shoulders that required skin grafts.[7] The fire destroyed the Plaintiff's residence, resulting in the loss of over $50,000 in real and personal property.[8]

The Plaintiff now brings suit against the business entities involved in the manufacture, importation, advertisement, and sale of the hoverboard. The Plaintiff seeks compensation for the damage to the Plaintiff's property and to his

---

[2] *Id.* ¶¶ 2, 3, 11, 12. In addition to WEECOO(TM) and Panda Town, the Plaintiff has joined as defendants several foreign business entities that allegedly contributed to the design and manufacture of the hoverboard. The Motion to Dismiss presently before this Court concerns only the Plaintiff's claims against Defendant Amazon.

[3] *Id.* ¶ 13.

[4] *Id.* ¶ 15.

[5] *Id.* ¶ 16. This Court assumes for the purposes of this Order that the hoverboard caused the fire as alleged in the First Amended Complaint.

[6] *Id.* ¶ 17.

[7] *Id.* ¶¶ 18-20.

[8] *Id.* ¶ 21.

physical and emotional well-being.[9] The Plaintiff brings state law claims for negligence, failure to warn, and punitive damages against Defendant Amazon.[10] Defendant Amazon now moves to dismiss all claims against it.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[11] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[12] In a ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[13] Generally, notice pleading is all that is required for a valid complaint.[14] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's

---

[9] *Id.* ¶¶ 23-24.

[10] *Id.* ¶¶ 57-71.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6).

[12] *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

[13] *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[14] *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

claim and the grounds upon which it rests.[15]

### III. Discussion

#### A. Negligence and Failure to Warn

The essential elements of a negligence action in Georgia are "(1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury."[16] A product seller can be liable for negligent failure to warn if "at the time of sale, it had 'actual or constructive knowledge' that its product created a danger for the consumer."[17] The Plaintiff alleges that Defendant Amazon was negligent because, in the months leading up to the Plaintiff's purchase, it continued to advertise and sell hoverboards on its website despite knowledge that the products were poorly manufactured and likely to cause fires.[18] The Plaintiff also alleges that Defendant Amazon negligently failed to warn the Plaintiff about these known safety risks.[19] This Order will discuss these claims together because both turn on the same central question: whether Amazon knew or should have known that the hoverboard purchased by the

---

[15] *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

[16] *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (1999).

[17] *Gomez v. Scepter Holdings, Inc.*, No. 3:17-CV-42 (CDL), 2017 WL 4366733, at *3 (M.D. Ga. Sept. 29, 2017) (quoting *Bishop v. Farhat*, 227 Ga. App. 201, 206 (1997)).

[18] First Am. Compl. ¶¶ 65-68.

[19] *Id.* ¶¶ 57-64.

Plaintiff was dangerous at the time of sale.

The Plaintiff has not pleaded facts sufficient to show that Defendant Amazon had actual or constructive knowledge that the hoverboard sold to the Plaintiff was dangerous at the time of sale.[20] The Plaintiff goes into detail about the defects that plagued "nearly all" hoverboards sold on Defendant Amazon's website during the relevant time period.[21] The Plaintiff states that Defendant Amazon "knew" that the hoverboards being sold on its website were poorly manufactured and were likely to cause fires.[22] But the Plaintiff must do more than assert, in conclusory fashion, that the Defendant knew about the product's defects.[23] The Plaintiff must, at minimum, plead facts tending to show *how*

---

[20] Def.s' Mot. to Dismiss, at 8-11 [Doc. 29]. Defendant Amazon also stipulates that "[a]t the appropriate time" it will argue that it is not the "seller" of the hoverboard in question. *Id.*, at 2. Defendant Amazon has chosen not to further develop this argument at the Motion to Dismiss stage, however. Therefore, this Court assumes for the purposes of this Order that Defendant Amazon is subject to the duties and obligations imposed on product sellers under Georgia law.

[21] First Am. Compl. ¶¶ 58-59. Specifically, the Plaintiff alleges that the lithium-ion batteries that powered the hoverboards posed a significant risk of fire.

[22] *Id.*

[23] *South Fla. Water Management Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir.1996) ("As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss.") (internal citation omitted); *see also Jones v. Polaris Indus., Inc.*, No. 1:12CV44–B–S, 2013 WL 1193740, at *2 (N.D. Miss. Mar. 22, 2013) ("The court is of the opinion that the statements in the complaint related to [the defendant's] knowledge of and involvement in the defect are conclusory allegations not based in any specific fact. Conclusory statements alone are insufficient to state a claim.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

Defendant Amazon came by that knowledge.

The Plaintiff alleges that Defendant Amazon was aware of nine prior incidents in which hoverboards sold on its website started fires. The Plaintiff identifies these incidents by date and location in his Complaint.[24] Of the nine incidents identified by the Plaintiff, however, only the four that occurred prior to the Plaintiff's purchase are relevant to this lawsuit.[25] The post-sale incidents evidently could not have made Defendant Amazon aware of the need to remove hoverboards from its website in time to prevent the Plaintiff from buying one, and product sellers have no obligation under Georgia law to warn of defects discovered after the product is sold.[26] The question therefore becomes whether the Plaintiff's proffered facts regarding the four pre-sale incidents could

---

[24] These incidents are listed in the Complaint as follows: November 11, 2015, Somerville Massachusetts; November 18, 2015, Chicago, Illinois; November 20, 2015, Torrance, California; November 21, 2015, Lafitte, Louisiana; November 27, 2015, Ashtabula, Ohio; December 23, 2015, Medford, Oregon; January 3, 2016, Nashville, Tennessee; November 27, 2016, Gulf Shores, Alabama; December 18, 2016, Lincoln, Nebraska. First Am. Compl. ¶ 23.

[25] The pre-sale incidents occurred on November 11, 2015; November 18, 2015; November 20, 2015; and November 21, 2015. *Id.* The Plaintiff purchased his hoverboard on November 22, 2015. *Id.*, at ¶¶ 11-13.

[26] *DeLoach v. Rovema Corp.*, 241 Ga. App. 802, 804 (2000). The Plaintiff argues in his response briefing that a post-sale duty to warn may arise when a product seller investigates a product's expected use and should have recognized the danger in such use. Pl.'s Resp. to Def.'s Mot. to Dismiss, at 7 [Doc. 30] (citing *Boyce v. Gregory Poole Equip. Co.*, 269 Ga. App. 891, 896 (2004)). But the Plaintiff does not allege that Defendant Amazon actually undertook such an investigation. Therefore, the Plaintiff's argument regarding Defendant Amazon's post-duty sale to warn is unavailing.

plausibly support a finding that Defendant Amazon knew or should have known that the product sold to the Plaintiff was dangerous.

They cannot. The prior incidents alleged in the First Amended Complaint occurred 1, 2, 4 and 11 days before Amazon shipped the hoverboard to the Plaintiff. The Plaintiff asserts that Defendant Amazon "knew" about these incidents without describing how, when, or where Defendant Amazon received notice of these incidents. The Plaintiff also fails to plead particular facts about any of these incidents, beyond asserting that they were cases in which a hoverboard started a fire. In order for prior incidents to give rise to a legal duty to take corrective measures, the prior incidents must be "sufficiently similar to the facts involved in the present action."[27] Here, the Plaintiff has provided no facts from which to glean whether these prior incidents were sufficiently similar to the one that gives rise to this suit. Indeed, the Plaintiff omits particularly salient facts like the brand or brands of hoverboards involved in these incidents and the circumstances that gave rise to the fires. These bare bones allegations cannot support a finding that Defendant Amazon knew or should have known about the safety risk posed by the hoverboard purchased by the Plaintiff. Accordingly, the Plaintiff's claims against Defendant Amazon for negligence and failure to warn should be dismissed.

### B. Punitive Damages

---

[27] *See Forest Cove Apartments v. Wilson*, 333 Ga. App. 731, 736-737 (2015); *see also Morris v. Pope*, 344 Ga. App. 25, 27 (2017).

The Plaintiff's claim for punitive damages is due to be dismissed because it is derivative of the underlying tort claims.[28] The Plaintiff's claim should also be dismissed because the Complaint merely recites the standard for punitive damages without pleading facts sufficient to find that Defendant Amazon's conduct met that standard.[29]

### IV. Conclusion

For the foregoing reasons, the Defendant Amazon.com, Inc.'s Motion to Dismiss [Doc. 29] is GRANTED.

SO ORDERED, this 16 day of October, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[28] *See Perkins v. Thrasher*, 701 F. App'x 887, 891 (11th Cir. 2017); *Lilliston v. Regions Bank*, 288 Ga. App. 241, 246 (2007); *J. Andrew Lunsford Properties, LLC v. Davis*, 257 Ga. App. 720, 722 (2002).

[29] First Am. Compl. ¶ 70; O.C.G.A. § 51–12–5.1.