IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IRVIN R. LOVE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., SHENZHEN FEST TECHNOLOGY CO., LTD., SHENZHEN MATRIX BATTERY CO., LTD., SHENZHEN RICHEST ENERGY CO., LTD., SHENZHEN HANDPACK TECHNOLOGIES CO., LTD., SHENZHEN BOJULONG DISPLAY TECHNOLOGY CO., LTD., | ) ) ) ) ) ) ) ) | **Civil Action No.**<br>**1:18-CV-00540-TWT** |
| Defendants. | ) ) ) | |

### AMAZON.COM, INC.'S NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Amazon.com, Inc. gives notice of its intent to serve a **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES** to the following:

(a) ABC Pallets.

1

Unless objection is made by **March 19, 2020**, the subpoena will be properly served. This Notice was electronically filed with the Clerk of Court using the CM/ECF System, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF System.

Additionally, a copy of the Subpoena, along with a hard copy of this Notice, has been sent via United States Mail to the following:

>Darren W. Penn, Esq.
>Laura H. Penn, Esq.
>PENN LAW, LLC
>4200 Northside Parkway, NW
>Building One, Suite 100
>Atlanta, Georgia 30327

I certify that the foregoing document has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C

This the 12th day of March, 2020.

                                                **HAWKINS PARNELL & YOUNG** LLP

                                                */s/ Willie C. Ellis Jr.*

| 303 Peachtree Street, NE | Michael J. Goldman |
| Suite 4000 | Georgia Bar No. 300100 |
| Atlanta, GA 30308 | Willie C. Ellis Jr. |
| Telephone: (404) 614-7400 | Georgia Bar No. 246116 |
| Telecopier: (404) 614-7500 | |
| mgoldman@hpylaw.com | *Counsel for Amazon.com, Inc.* |
| wellis@hpylaw.com | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IRVIN R. LOVE, JR.<br><br>*Plaintiff*<br>v.<br><br>AMAZON.COM, INC., et al.<br>*Defendant* | )<br>)<br>)  Civil Action No.  1:18-cv-00540-TWT<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   ABC Pallets, Attn: Records Custodian, 1622 Dean Forest Rd., Garden City, GA 31408

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   Please see Exhibit "A," attached hereto.

| Place: | Hawkins Parnell & Young, LLP<br>303 Peachtree Street, NE, Suite 4000<br>Atlanta, Georgia 30308 | Date and Time:<br><br>Wednesday, April 8, 2020   5:00 PM |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Amazon.com, Inc.
, who issues or requests this subpoena, are:

Willie C. Ellis, Jr., Esq., 303 Peachtree St. #4000, Atlanta, GA 30308, wellis@hpylaw.com, 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☒ I served the subpoena by delivering a copy to the named person as follows:

via USPS, Certified Mail, Return Receipt Requested

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0.00

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

Willie C. Ellis, Jr., Esq.
*Printed name and title*

Hawkins Parnell & Young, LLP
303 Peachtree Street, NE, Suite 4000
Atlanta, Georgia 30308

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

## EMPLOYEE: Irvin R. Love, Jr.; DOB is 8/18/1954

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a

12874332v.1

comment, notation or other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

Any written or electronic records relating to **Irvin R. Love, Jr.,** including but not limited to, applications, evaluations, salary, W2 records, 1099, bonuses, drawings, profit share, employment time period including hours worked, warnings, attendance/promotions, medical leaves, leave of absences, vacation records, liens and garnishments, workers' compensation claims, separation notices, emails, or other documentation that discussed the reason for any termination of **Irvin R. Love, Jr.**'s employment.

2.

Any compensation and/or benefits including applications for medical, dental, life insurance benefits and any and all reimbursements for or to **Irvin R. Love, Jr.**

3.

All unedited employment, personnel and/or independent contractor files,

12874332v.1

employment or independent contractor agreements, partnership agreements including but not limited to contracts, memorandum of understanding, any contract or agreement providing for your exclusive pursuit of a particular employment, or any and all other documents regarding anything agreed to or undertaken, whether for monetary compensation or not, for **Irvin R. Love, Jr.**

4.

All written and electronic documentation relating to any termination of employment, including but not limited to evaluations, warnings, attendance records, notations of any sort, separation notice, unemployment challenge, emails, human resources records of any type which mention the name **Irvin R. Love, Jr.**

5.

A copy of any resume and application for employment received from **Irvin R. Love, Jr.**

6.

The name, address and telephone number of **Irvin R. Love, Jr.**'s last known supervisor.

7.

A copy of any requests for leave of absence submitted by **Irvin R. Love, Jr.**

12874332v.1

8.

Any and all incident or investigation reports, supplemental reports or records, statements, photographs, videotapes, any audiovisual records, and/or any other documentation or correspondence, regarding **Irvin R. Love, Jr.** at any time.

9.

Any and all incident or investigation reports, supplemental reports or records, statements, photographs, videotapes, any audiovisual records, and/or any other documentation or correspondence, regarding any incident involving **Irvin R. Love, Jr.**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IRVIN R. LOVE, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMAZON.COM, INC., SHENZHEN )<br>FEST TECHNOLOGY CO., LTD., )<br>SHENZHEN MATRIX BATTERY CO., )<br>LTD., SHENZHEN RICHEST ENERGY )<br>CO., LTD., SHENZHEN HANDPACK )<br>TECHNOLOGIES CO., LTD., )<br>SHENZHEN BOJULONG DISPLAY )<br>TECHNOLOGY CO., LTD., )<br>)<br>Defendants. )<br>)<br>) | **Civil Action No.**<br>**1:18-CV-00540-TWT** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **AMAZON.COM, INC.'S NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES** was filed this day with the Clerk of Court using the CM/ECF system which will send notification to all parties of record. I further certify that the foregoing document has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

4

This the 12th day of March, 2020.

                                        **HAWKINS PARNELL & YOUNG** [LLP]

                                        */s/ Willie C. Ellis, Jr.*

| 303 Peachtree Street, NE | Willie C. Ellis Jr. |
| Suite 4000 | Georgia Bar No. 246116 |
| Atlanta, GA 30308 | |
| Telephone: (404) 614-7400 | *Counsel for Amazon.com, Inc.* |
| Telecopier: (404) 614-7500 | |
| wellis@hpylaw.com | |

12874315v.1